UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

TERRI LEMIEUX,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TERRI LEMIEUX (hereinafter "Plaintiff"), sues Defendant, CELEBRITY CRUISES, INC. (hereinafter "Defendant"), and alleges:

## VENUE AND JURISDICTION

1. Plaintiff sues Defendant at law and in personam for negligence.

2. Plaintiff, TERRI LEMIEUX, is a citizen and resident of Indiatlantic, Florida.

3. Defendant, CELEBRITY CRUISES, INC., is a foreign entity with its principal place of business and headquarters in Miami, Florida.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
   b. Was engaged in substantial and not isolated activity within this state;
   c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
   d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
   f. Operated vessels in the waters of this state;
   g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CELEBRITY SILHOUETTE.

5. Venue is proper before this Court inasmuch as Defendant maintains its principal

place of business and headquarters in Miami-Dade County, Florida.

6. Personal jurisdiction over Defendant is proper before this Court inasmuch as Defendant maintains its principal place of business and headquarters in Miami-Dade County, Florida.

7. The Court, however, lacks subject matter jurisdiction over this matter as a consequence of the claims asserted and the fact that both Plaintiff and Defendant are citizens and residents of Florida:[1]

   a. **No Diversity Subject Matter Jurisdiction Exists.** In addition to an amount in controversy in excess of $75,000, diversity subject matter jurisdiction requires complete diversity of citizenship of the parties. While the amount in controversy here exceeds $75,000, as discussed above, complete diversity of citizenship is absent inasmuch as Plaintiff is a citizen and resident of Indiatlantic, Florida and Defendant maintains its principal place of business and headquarters in Miami Florida.

   b. **No Federal Question Subject Matter Jurisdiction Exists.** As discussed above, Plaintiff sues Defendant at law and in personam for negligence. Consequently, this case does not present a "federal question." *Deroy v. Carnival Corp.*, Case No. 18-Civ-20653-Ungaro (S.D.Fla. 2018). A "maritime" claim such as Plaintiff's here does not present a "federal questions" and does not "arise under the Constitution or laws of the United States." *Am. Ins. Co. v. 365 Bales of Cotton*, 26 U.S. 511, 545-46 (1828). The "maritime nature" of a claim does not provide grounds for federal question subject matter jurisdiction. *Armstrong v. Ala. Power Co.*, 667 F.2d 1385, 1387 (11th Cir. 1982).

   c. **No Federal Admiralty Subject Matter Jurisdiction Exists.** Again, Plaintiff sues Defendant at law and in personam for negligence. Consequently, this case does not present a case of "admiralty" subject matter jurisdiction. *Deroy v. Carnival Corp.*, Case No. 18-Civ-20653-Ungaro (S.D.Fla. 2018); *see also The Belfast*, 74 U.S. 624, 644 (1868); *Armstrong v. Ala. Power Co.*, 667 F.2d 1385, 1387 (11th Cir. 1982); *J.P. v. Connell*, 93 F. Supp.3d 1298, 1302 (M.D.Fla. 2015); *Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1181 (W.D.Wash. 2014).[2]

---

[1] Subject matter jurisdiction refers to a court's adjudicatory authority over the claims brought before it. *Atlantic Coast Line. Ry. Co. v. Fla. Fine Fruit Co.*, 93 Fla. 161, 165 (1927); *Balance v. Forsyth*, 62 U.S. 389, 389-90 (1858). Neither a federal nor a state court may hear a case for which it lacks subject matter jurisdiction. *Tompkins v. State*, 894 So. 2d 857, 859 (Fla. 2005); *Carnival Corp. v. Operadora Aviomar S.A. de C.V.*, 883 F.Supp. 2d 1316 (S.D. Fla. 2012) (dismissing case because federal court lacked federal question, admiralty, and diversity subject matter jurisdiction). Federal courts are courts of limited subject matter jurisdiction. *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993); *Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986) (there exists a presumption that "every federal court is 'without jurisdiction' unless the 'contrary affirmatively appears from the record'") Moreover, subject matter jurisdiction cannot be created by waiver, inaction, or stipulation. *Fitzgerald v. Seaboard Sys. Railroad, Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985); *The Republic*, 62 U.S. 386, 388 (1858).

[2] A common misconception is that the application of maritime law means a court has admiralty subject matter jurisdiction. *See American Dredging Co. v. Miller*, 510 U.S. 443, 446-47 (1994). However, the

8. Despite the foregoing, and in an abundance of caution, Plaintiff has nonetheless brought this action before this Court based upon the "federal court forum selection clause" contained in the Passage Contract issued Plaintiff by Defendant which provides, *inter alia:* that passenger injury claims be "litigated, if at all, before the United States District Court for the Southern District of Florida in Miami or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida. . . ." Importantly, however, Plaintiff has not brought a contractual claim for damages; Plaintiff's causes of action sound in tort and are solely based on negligence. Further, Defendant cannot create subject matter jurisdiction before this Court by way of its Passage Contract. *The Republic*, 62 U.S. 386, 388 (1858); *Fitzgerald v. Seaboard Sys. Railroad, Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Importantly, "the applicability of a forum selection ... clause is not a jurisdictional issue." *Lieberman v. Carnival Cruise Lines* 2014 WL 3906066, *7 (D.N.J. Aug. 7, 2014).

9. Defendant cannot deny Plaintiff the right to a trial by a court of competent jurisdiction, 46 USC §30509(a)(1)(B), and Plaintiff is the master of her claims and decides which claims to bring and which remedies to seek for a wrong. *See* FRCP 8(a). A plaintiff is not "compelled to proceed in the admiralty at all" and "may resort to [her] common-law remedy in the state courts." *Norman v. Switzer*, 93 U.S. 355, 356 (1876). Here Plaintiff has chosen to sue

---

application of maritime law does not affect a state court's subject matter jurisdiction over a negligence case. See, *General Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 920 (Tex. 1993). Not all claims that arise on navigable waters are subject to admiralty subject matter jurisdiction. *Lozman v. City of Riviera Beach, Fla.*, 568 U.S. 115, 118-19, 130-31 (2013); *Armstrong v. Ala. Power Co.*, 667 F.2d 1385, 1387 (11th Cir. 1982). For example, federal courts have admiralty subject matter jurisdiction over maritime claims brought as a proceeding in admiralty. *J.P. v. Connell*, 93 F. Supp. 3d 1298, 1302 (M.D. Fla. 2015) (citing *Madruga v. Superior Court*, 346 U.S. 556, 560 (1954)); *The Moses Taylor*, 71 U.S. 411, 427-30 (1866). However, state courts have original subject matter jurisdiction over negligence claims brought at law and in personam like Plaintiff's claims in this case, even when those claims arise on navigable water. *J.P.*, 93 F. Supp. 3d at 1302-03; *Royal Caribbean Cruises, Ltd. v. Cox*, 137 So.3d 1157, 1158-59 (Fla. 3rd DCA 2014); *Hyer v. Caro*, 17 Fla. 332, 350-62 (1879).

Defendant at law and in personam for negligence.[3]

## GENERAL ALLEGATIONS

10. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled CELEBRITY SILHOUETTE. The ship was designed, in whole or in part, by Defendant and built exclusively for Defendant with Defendant intimately involved in the ship's build at Meyer Werft.

11. At all times material hereto, Defendant had exclusive custody and control of CELEBRITY SILHOUETTE.

12. On or about February 12, 2019, Plaintiff was a passenger aboard CELEBRITY SILHOUETTE which was in navigable waters.

13. Both Plaintiff and her partner, Durant Abernethy, make use of CPAP machines during sleep. After boarding CELEBRITY SILHOUETTE, Plaintiff and Mr. Abernethy requested power for the CPAP machines. Their cabin steward, Kirk, seemed unsure about power cords and said that he would have to "check with his supervisor" before installing them. Thereafter, Plaintiff and Mr. Abernethy left the cabin for dinner and when they returned to the cabin for the evening, two power cords were wrapped around each and taped down to the cabin floor.

14. That night, Plaintiff arose to make use of the bathroom. As a result of the unreasonable elevation of two power cords wrapped around each other and taped down to the cabin floor, as Plaintiff walked along the cabin, she caught a toe or toes of her right foot in a fold of the two cords and the sticky tape that was installed to power the CPAP machines and was caused to

---

[3] It is the claims made, not the claims which could have been made which determine whether a court has subject matter jurisdiction over the dispute brought before it. *Caterpillar, Inc. Williams*, 482 U.S. 386, 398 (1987); *see also Perry v. Merit Sys. Prot. Bd.*, U.S. 137 S.Ct. 1975, 1984 (2017); *Mexican Cent. Ry. Co. v. Eckman*, 187 U.S. 429, 433-34 (1903); *In re Motor Ship Pac. Carrier*, 489 F.2d 152, 157 (5th Cir. 1974); *Ernst & Ernst v. United States Dist. Ct., So. Dist. Tex.*, 439 F.2d 1288, 1293 (5th Cir. 1971); *Jett v. Zink*, 362 F.2d 723, 730 (5th Cir. 1966). The question of whether federal subject matter jurisdiction exists "depend[s] on the particular claims a suitor makes in a state court on how [she] casts [her] action." *Pan Am. Petro. Corp. v. Sup. Ct. of Del. in and for New Castle County*, 366 U.S. 656, 662 (1961); *see also Foster v. Chatman*, U.S. 136 S. Ct. 1737, 1745 (2017) (subject matter jurisdiction determined by claims made).

fall forcefully.

15. After Plaintiff's fall, Mr. Abernethy requested that the cabin steward, Kirk, make the power cords safer. It was only then, that Kirk separated the two cords and taped each to the cabin floor separately.

16. As a consequence, Plaintiff sustained severe fractures of the right tibia/fibula which has necessitated two surgeries. Plaintiff has been left with a permanent mobility impairment.

17. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (17) as though fully alleged herein.

18. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.*, 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989), *on remand*, 715 F.Supp. 1069 (M.D.Fla. 1989).

19. On or about February 12, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

20. On or about February 12, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to provide Plaintiff with a reasonably safe access to the bathroom in her cabin; and/or
   b. Failure to properly position the power cords to the CPAP machines on the cabin floor such that same did not create a dangerous and unreasonable tripping hazard; and/or
   c. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident Plaintiff suffered.

21. Defendant created the foregoing conditions causing Plaintiff's accident.

22. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that

Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

23. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, significant emotional injury, disability, disfigurement, aggravation of previously existing conditions; physical handicap; and has incurred medical expenses in the care and treatment of Plaintiff's injuries, both past and future. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT II – FAILURE TO WARN

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through seventeen (17) as though fully alleged herein.

25. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

26. On or about February 12, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a hidden and dangerous condition.

27. On or about February 12, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

    a. Failure to warn Plaintiff of a dangerous condition, to wit: the unreasonable elevation caused by the two power cords wrapped around each other and taped down to the cabin floor; and/or

    b. Failure to warn Plaintiff of a dangerous condition, to wit: the risk of injury from the unreasonable elevation caused by the two power cords wrapped around each other and taped down to the cabin floor.

28. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

29. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition.

30. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff.

31. Defendant's duty to warn and consequences for its failure to do so are all the more significant in this matter given Plaintiff's repeated inquiries to Defendant during his booking process but before his cruise.

32. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, significant emotional injury, disability, disfigurement, aggravation of previously existing conditions; physical handicap; and has incurred medical expenses in the care and treatment of Plaintiff's injuries, both past and future. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: February 8, 2020

                        Respectfully submitted,

                        **LOUIS A. VUCCI, P.A.**
                        *Attorneys for Plaintiff*
                        One Southeast 3rd Avenue - Suite 3020
                        Miami, Florida 33131
                        Telephone: (305) 573-0125
                        Facsimile: (786) 536-7799

By:    */s/ Louis A. Vucci*
         LOUIS A. VUCCI
         Florida Bar No. 131581
         louis@thevuccilawgroup.com


                        **EDUARDO J. HERNANDEZ, LLC**
                        *Attorneys for Plaintiff*
                        10691 N. Kendall Drive - Suite 109
                        Miami, Florida 33176
                        Telephone: (305) 567-0910
                        Facsimile: (786) 454-8905

By:    */s/ Eduardo J. Hernandez*
         EDUARDO J. HERNANDEZ
         Florida Bar No. 061451
         ehernandez@ejh-law.com